UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEANNA POOLE, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00383 |
| VERSUS | DISTRICT JUDGE DRELL |
| WAL-MART STORES, INC., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are Plaintiff DeAnna Poole's ("Poole's") "Motion for Leave to File First Supplemental and Amending Restated Petition for Damages" (ECF No. 9) and Motion to Remand (ECF No. 10).

Because Defendant Slaven is not properly joined, Plaintiff's Motion to Remand ECF No. 10) should be DENIED and Poole's action against Slaven should be DISMISSED WITH PREJUDICE.

Because Poole failed to name the succession representative or attorney appointed to represent the estate of Ricky Moore, her Motion to Amend (ECF No. 9) should also be DENIED.

I. **Background**

Poole filed a Petition for Damages in the Louisiana 7th Judicial District Court (Concordia Parish) against: Wal-Mart Stores, Inc. ("Wal-Mart"); Jim Slaven ("Slaven") (manager of the Wal-Mart Supercenter in Vidalia, Louisiana); and

John/Jane Doe, a Wal-Mart employee.[1] ECF NO. 1-1 at 3. Poole asserts that, on October 9, 2020, while she was shopping at the Vidalia Wal-Mart Supercenter, a box weighing about 12 pounds fell off the shelf above her and hit the left side of her head. ECF No. 1-1 at 4. Poole believes an unknown store employee was stocking shelves on the other side of the aisle and shoved items that fell off the shelf and onto Poole. ECF NO. 1-1 at 4. Poole contends she is severely injured in her head, neck, shoulders, and nervous system, as well as mentally. ECF NO. 1-1 at 4. Poole seeks monetary damages.

Poole contends Defendants were negligent and are liable to her under: La. C.C. art. 2317.1; La. C.C. arts. 2315 and 2316; and *res ipsa loquitur*. Poole asserts that Defendants failed to warn the store patrons of the danger of falling merchandise (a hidden or concealed peril); failed to correct the dangerous condition; failed to use reasonable care when placing heavy items on overhead shelves; failed to secure or contain heavy items behind a rack; failed to establish proper procedures for inspection; failed to sufficiently train personnel; failed to exercise due care under the circumstances; and failed to provide a safe shopping environment. ECF No. 1-1 at 5. Alternatively, Poole contends that Slaven or the unnamed employee knew of the "mal-performance" (lack of ordinary care in discovering and avoiding such risk of harm) and failed to cure the risk of harm.

---

[1] Poole also named the premises owner, ABC Leasing Co., and Wal-Mart's liability insurer, XYZ Insurance Co. as Defendants. ECF No. 1-1. Those Defendants were dismissed by the Clerk of Court. ECF No. 24.

Walmart and Slaven answered the Petition and requested a jury trial (ECF No. 1-2). Slaven's affidavit, attached to the Answer, states that Slaven was the Store Manager of the Walmart in Vidalia on the date of the accident. ECF No. 1-4. Slaven never personally stocked boxes or window blinds at the Store. It was not within his job duties to do so. And it was not within his job duties to personally train any employees on section of boxes of window blinds on the shelves. ECF No. 1-4 at 1. Slaven also states: he never personally trained any employees on how to stock boxes of window blinds; it was not within the scope of his duties to train employees on how to stock boxes; he had no knowledge that any boxes of window blinds were not properly stocked or were at risk of falling from a shelf on October 9, 2020; he was not aware of any facts or circumstances that would have led him to be aware that any boxes of window blinds were not properly stocked or were at risk of falling from a shelf; and his job duties for Walmart never included establishing procedures for inspecting the stocking or placement of boxes of window blinds. ECF No. 1-4 at 2.

Walmart and Slaven removed, alleging diversity. Plaintiff is a Louisiana citizen. Walmart Inc. is a publicly-held Delaware corporation with its principal place of business in Arkansas. Slaven is a Louisiana citizen that Defendants assert is improperly joined. Defendants state in their Notice of Removal (ECF No. 1) that Poole's action against Slaven should be dismissed for improper joinder.

Poole filed a Motion for Leave to File First Supplemental and Amending Restated Petition for Damages (ECF No. 9), seeking to add as a defendant Ricky

3

Moore (or alternatively the Estate of Ricky Moore), the Walmart employee that is believed to have been stocking the shelves and caused the box to fall on Poole. Poole contends Moore: had a duty to act responsibly and not cause items in the store's shelves to fall onto a customer; was carrying out his stocking duties for Walmart at the time his negligence caused the box to fall onto Poole; and Moore's fault is based on his direct actions and negligence. ECF No. 9 at 3. Defendants oppose Poole's Motion. ECF No. 15.

Poole also filed a Motion to Remand (ECF No. 10), contending that the addition of Ricky Moore as a Defendant will destroy complete diversity, even without Slaven as a Defendant. ECF No. 10-2. Defendants oppose Poole's Motion. ECF No. 16.

## II.   Law and Analysis

Plaintiff filed a Motion to Remand, asserting that complete diversity does not exist and, therefore, the Court lacks subject matter jurisdiction. ECF No. 10.

Plaintiff appears to concede she has not stated a claim against Defendant Slaven, who is a Louisiana citizen. ECF No. 10. However, Plaintiff also filed a (prior) Motion to Amend to add Ricky Moore/Estate of Ricky Moore (also a Louisiana citizen) as a Defendant, and bases her Motion to Remand on lack of diversity with the addition of Moore.

Because the Court cannot consider a Motion to Amend if it lacks subject matter jurisdiction, it must first consider the Motion to Remand.

4

1. **Plaintiff's Motion to Remand should be denied because Slaven is improperly joined. Therefore, the Court has subject matter jurisdiction.**

In their Answer (filed in state court) (ECF NO. 1-2 at 3), Defendants contend that Poole failed to state a viable cause of action against Slaven.

Defendants stated in their Notice of Removal that Slaven was improperly joined and there is no basis for his liability to Plaintiff. ECF No. 1. Defendants attached an affidavit from Slaven. ECF No. 1-4.

To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *See Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007). If the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016), *rev'd on other grounds,* 647 Fed. Appx. 314 (5th Cir. 2016) (*citing Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005)); *see also Hoyt v. Lane Construction Corporation,* 927 F.3d 287, 302 (5th Cir. 2019)).

Defendants rely on the second prong in this case. The threshold question is whether there is no reasonable basis for the district court to predict that the plaintiff

might be able to recover against an in-state defendant. The burden of proof is on the removing party. *See Gasch*, 491 F.3d at 281. In deciding whether a party was improperly joined, a court resolves all contested factual issues and ambiguities of state law in favor of the Plaintiff. *See Gasch*, 491 F.3d at 281.

A court may predict whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *See Smallwood*, 385 F.3d at 573. However, there are cases in which a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *See Smallwood*, 385 F.3d at 573.[2]

Pursuant to Fed. R. Civ. P. rule 12(b)(6), "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff

---

[2] A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *See Smallwood*, 385 F.3d at 574.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

It is well-established that, in order for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an independent, personal duty to the customer. *See Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) (*citing Ford v. Elsbury,* 32 F.3d 931, 935-36 (5th Cir. 1994)). In *Canter v. Koehring Co.,* 283 So.2d 716, 721 (La. 1973), the Louisiana Supreme Court established the following criteria to determine if the non-diverse defendant owes such a duty to the plaintiff:

1. The principal or employer must owe a duty of care to the customer;

2. This duty must be delegated by the principal or employer to the employee in question;

3. The employee must have breached this duty through his own personal fault; and

4. Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.

When all four prongs are satisfied, the action must be remanded. *Brady*, 907 F. Supp. at 960.

Personal liability is not imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee. *See West v. Home Depot U.S.A., Inc.*, 2021 WL 4622213, at *3 (E.D. La. 2021) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995); *see also Canter*, 283 So. 2d at 721. "Louisiana federal courts have routinely held that store managers cannot be held liable for the alleged breach of supervisory or general administrative duties." *Brown v. Wal-Mart Louisiana, L.L.C.,* 2011 WL 13161555, at *3 (W.D. La. 2011).

Poole asserts in her complaint that she was injured when a window blind box fell on her in a Walmart store. Poole contends that Walmart owed a duty of care to Plaintiff to provide a safe shopping environment, and that it delegated that duty to Slaven, the store manager. ECF No. 1-1 at 6. Poole contends Slaven breached that duty through personal fault: by failing to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances due to malfeasance, misfeasance, or nonfeasance; by not acting upon actual knowledge of the risk to others; as well as from a lack of ordinary care in discovering and avoiding the risk of harm that resulted from the breach of the duty. ECF No. 1-1 at 6. Poole also asserts that Slaven personally knew or personally should have known of its non-performance or malperformance and failure to cure the risk of harm. Poole further asserts that Slaven (together with Walmart) was negligent for (ECF No. 1-1 at 5):

8

1. Failure to warn the store patrons of the danger of falling merchandise (a hidden or concealed peril) and to correct a dangerous condition;
2. Failure to use reasonable care when placing heavy items on overhead shelves to prevent them from falling on store patrons;
3. Failure to secure or contain heavy items behind a rack;
4. Failure to establish proper procedures for inspection;
5. Failure to sufficiently train personnel in safety procedures, such as recognizing conditions that are dangerous to patrons and take the necessary steps to protect patrons from such conditions;
6. Failure to exercise due care under the circumstances;
7. Failed to provide a safe shopping environment;
8. Failure to cure the risk of harm despite knowing about it.

Slaven states in his affidavit he had no actual or circumstantial knowledge that any boxes of window blinds had been improperly stacked, and was not aware of any facts of circumstances that should have led him to believe the boxes were at risk of falling from a shelf. ECF No. 1-4. Slaven further states that: he has never personally stocked boxes of window blinds; it is not within the scope of his job duties to train employees on how to stock boxes of window blinds; and he has never trained employees to stock boxes of window blinds. ECF No. 1-4. Slaven also states that his duties for Walmart have never included establishing procedures for inspecting the stocking or placement of boxes of window blinds. ECF No. 1-4.

Poole has not rebutted Slaven's affidavit. Poole does not allege that Slaven was the employee who stacked the boxes improperly or who personally caused the accident. Instead, Poole seeks to improperly impose liability on Slaven for breaches of his general administrative duties as store manager. Therefore, Poole has not stated a viable claim against Slaven.

Moreover, Poole has apparently conceded that she has not stated a claim against Slaven, since she omitted him from her amending complaint. In her Motion for Leave to File to First Supplemental and Amending Restated Petition for Damages, Poole removed Slaven as a Defendant, and added another Defendant (Ricky Moore/Estate of Ricky Moore). In her brief (ECF No. 9-3 at 3), Poole admits that "Defendant points have merit given the fourth prong of the *Canter* test, and Plaintiff does not rely on Mr. Slaven for Remand."

Because Slaven is not properly joined, Poole's Motion to Remand (ECF No. 10) should be DENIED and Poole's action against Slaven should be dismissed with prejudice.

Also because Slaven was not properly joined, his citizenship is not considered for purposes of diversity. Because there was complete diversity at the time the case was removed, this Court has subject matter jurisdiction and can consider Poole's Motion to Amend.

### B. <u>Poole's Motion to Amend to add the Ricky Moore/Estate of Ricky Moore as a Defendant should be denied.</u>

In her Motion to Amend (ECF No. 9), Poole seeks to add Ricky Moore, a Walmart employee, as a Defendant. Poole contends she believes: Moore was stocking the shelves and cause the box to fall on her; Moore was carrying out his stocking duties as a Walmart employee at the time his negligence caused the box to fall on Poole; and Moore's negligence was a direct cause of the accident. ECF No. 9 at 3.

10

Defendants argue that, because Ricky Moore is now deceased, he cannot be added as a Defendant, nor can the Estate of Ricky Moore. Defendants argue that a suit against a succession can only be brought against a succession representative, citing *James v. American Honda Motor Co., Inc.*, 2019 WL 3995977, at *5 (W.D. La. 2019), *report and recommendation adopted*, 2019 WL 3995980 (W.D. La. 2019).[3]

Poole does not dispute that Ricky Moore is deceased. La. C. Civ. P. art. 734 provides in pertinent part that "the succession representative appointed by the court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration."

However, in some cases there is no succession representative. In 1991 and 1992, the law was amended to provide a specific procedure for filing suit against deceased persons for whom no succession representative has been appointed. *See Martin v. Unopened Succession of Martin*, 49,573 (La. App. 2 Cir. 1/14/15), 161 So.3d 1010, 1018. La. C. Civ. P. art. 5091 states in pertinent part:

A.  The court shall appoint an attorney at law to represent the defendant, on the petition or *ex parte* written motion of the plaintiff, when:

   (1)  It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: . . .

       (c)  Deceased and no succession representative has been appointed.

---

[3] Alternatively, Defendants argue that Poole has not stated a claim against Moore because her allegations are merely speculative. Because no representative for Moore has been named as a defendant, the Court does not reach this argument.

11

> A. All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him.

See Martin, 161 So.3d at 1018; see also Lewla, L.L.C. v. Succession of Smith, 50,315 (La. App. 2d Cir. 1/27/16), 187 So.3d 10, 15.

Thus, neither an "estate" nor a "succession" can be named as a party. See Porter v. Times Group, 2016 WL 6106745, at *2 (M.D. La. 2016) ("The proper party is not the succession itself or the estate.") (citing Hickerson Estate v. Board of Veteran Appeal, 2014 WL 6674573, at *2 (W.D. La. Nov. 25, 2014).

Poole has not named the succession representative for the Estate of Ricky Moore or, if the succession has not been opened, the attorney appointed to represent the Estate of Ricky Moore. Compare Porter v. Times Group, 2016 WL 8257692, at *3 (M.D. La. 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. 2017) (plaintiff sought to amend complaint by adding the appointed succession representative).

Because Poole has not named the representative of Moore's succession or estate, her Motion to Amend (ECF No. 9) should be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motion to Remand (ECF No. 10) be DENIED.

IT IS RECOMMENDED that Plaintiff's action against Defendant Slaven be DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Plaintiff's Motion to Amend (ECF No. 9) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of December 2022.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge